BANKING COMMISSION OF THE STATE OF WISCONSIN, Appellant, vs. RAY, Respondent.

*February 8—March 6, 1934.*

434

For the appellant there was a brief by *Knowles & Doolittle* of River Falls, and oral argument by *L. S. Doolittle*. *W. G. Haddow* of Ellsworth, for the respondent.

Fᴙɪᴛᴢ, J.   Plaintiff, in charge of the liquidation of the Farmers and Merchants State Bank of River Falls (hereinafter called the "bank"), was substituted as plaintiff in this action, which was commenced by the bank to recover a balance of $907, alleged to be owing on a promissory note for $2,100.   Defendant, as an accommodation maker, had joined her husband, Robert Ray, in executing the note, and had also joined with him, as a mortgagor, in executing a chattel mortgage on his cattle, to secure the debt.   Thereafter the husband was adjudged a bankrupt in proceedings in the federal court, and a trustee was appointed.   Upon the request of the latter, the bank took possession of the mortgaged cattle.   Shortly thereafter, upon petition of the trustee, the referee in bankruptcy, under and in accordance with sec. 57h of the Bankruptcy Act of 1898, ordered that the trustee was permitted to "turn over" the cattle to the bank at a valuation of $945, which amount was to be applied on the debt secured by the mortgage, and that for the unsecured balance the bank was entitled to file its claim in the bankruptcy proceedings.   The amount of $945 was in excess of the value at which the cattle had been appraised in the bankruptcy proceedings, but on the hearing before the referee, the bank had voluntarily offered proof that the appraised value was too low and that the credit should be $945. On the trial of this action, there was likewise testimony by an officer of the bank that the value was $945, but the defendant testified that it was $1,270.   The bank in its reply to defendant's counterclaim admitted that it had sold the mortgaged property at private sale; that it had given no notice to defendant, as required by the provisions of sec. 241.13, Stats., that the cattle were about to be taken under the mortgage or that they were about to be sold; and that no affidavit of sale was filed by the bank pursuant to the provisions of sec. 241.15, Stats.   Defendant had never con-

sented to the taking or the selling of the cattle by the bank, or to a proposed sale thereof. Likewise, she had never been notified as to the amount at which the cattle were sold by the bank, or the expense of conducting the sale and of keeping the cattle before and after the sale. Furthermore, she had not been given any notice of the trustee's petition in the bankruptcy proceedings for leave to turn over the cattle to the bank, or of the hearing before the referee, or his order. She had not appeared on that hearing, and had not consented thereto, or to the order which was then made by the referee. Neither had she consented to turning over the cattle to the bank pursuant to that order. Upon the facts, as stated above, the court concluded that under provisions in secs. 241.13 and 241.15, Stats., the debt secured by the mortgage must be deemed fully satisfied so far as defendant is concerned, and that she was entitled to recover as liquidated damages two items of $25 on account of plaintiff's violation of several provisions in those statutes.

It is unnecessary on this appeal to determine the legal effect and consequences of the proceedings before the referee in bankruptcy and his order, under sec. 57h of the Bankruptcy Act, in respect to the rights and privileges which Robert Ray, the bankrupt, had, under secs. 241.13 and 241.15, Stats., as mortgagor and owner of an equity of redemption, and as a "person personally liable for the indebtedness." It is only necessary to determine the rights and privileges under the state statutes of solely the defendant as a "person personally liable for the indebtedness," and also as an owner of an equity of redemption, in her capacities of a mortgagor and as the wife of a mortgagor. In so far as she, in any of those capacities, had rights and privileges under secs. 241.13 and 241.15, Stats., she could not be deprived thereof without either her consent, or due process of law. In view of the facts stated above, it is manifest that there has never been any consent, or due process of law, which, as far

as she is concerned, can be deemed effective to cut off such rights and privileges as she had under those statutes. As one of the mortgagors and also as the wife of a mortgagor, there vested in her, by virtue of sub. (3) of sec. 241.13, Stats., the right to redeem the property sold within five days after the sale. Likewise, as the owner of an equity of redemption, she was entitled to be given five days' written notice of a proposed sale, by reason of the provision in sub. (1) of sec. 241.13, Stats., that "No private or public sale of any personal property taken by virtue of any chattel mortgage . . . except by consent of the mortgagor, . . . shall be made unless at least five days before such sale the mortgagee or his agent shall serve upon the owner of the equity of redemption in such property so taken . . . a written notice of such proposed sale. . . ." Furthermore, as a mortgagor, she was also entitled, by virtue of provisions in sub. (2) (c) of sec. 241.13, Stats., to be given five days' written notice by the mortgagee of its "intention to levy upon and take such property under and by virtue of such chattel mortgage." All of those rights and privileges under sec. 241.13, Stats., as well as others under sec. 241.15, Stats., which will be hereafter referred to, vested in her individually, and were hers in her own right, independently of any similar rights or privileges which her husband may likewise have had under the same mortgage and statutes. As a matter of law, the post-sale right to redeem given by sec. 241.13 (3), Stats., to the "mortgagor, his wife, assignee or assignees" is a personal matter, solely in those specified. As we said in *Whalen v. Finn,* 207 Wis. 254, 257, 240 N. W. 188:

"It is given to the person or persons named in the statute. He or those specified are the only ones who can exercise it. . . . It is a personal matter, an incident of property or a method by which one may acquire property, but it is not of such substance or nature that it may be carved out and set aside for the purpose of being reached under execution. . . .

This is a privilege as distinguished from property and it cannot be levied upon or sold on execution at the instance of a judgment creditor. . . .

"This right must be immune from the execution, for the plain purpose of the statute is to enable a mortgagor, his wife, or some friend, to protect the mortgagor against a sale at an unusually low price. . . . It is evidently the purpose of the statute not to permit any one but the mortgagor, his wife, or some one selected by him, to use the privilege thus created by statute."

As between the defendant and her husband, as well as his creditors or trustee in bankruptcy, it was not within his rights, or power, as far as any taking or sale of the cattle by the mortgagee under its mortgage was concerned, by any act on his part to abrogate or deprive her of her rights and privileges under sec. 241.13, Stats., as his wife and as a mortgagor. Consequently, there was no such right or power on his part which could pass on to the trustee, appointed to administer his estate in bankruptcy, and neither that trustee by any act on his part, nor the husband's adjudication in bankruptcy, or any order made therein without her consent or due notice to her, could legally operate to abrogate or deprive her of those rights and privileges.

In respect to the bank's failure to serve upon the defendant, as a mortgagor, a written notice of the proposed sale at least five days before such sale, it is provided in sub. (3) of sec. 241.13, Stats., that—

"If any such property is sold at private or public sale, without proper notice, or is sold within the period herein limited, without such consent the mortgage debt shall be deemed paid and the mortgage securing same be deemed canceled."

As no notice of the proposed sale was ever served on the defendant, that provision is clearly applicable, so far as she is concerned, to the mortgage debt on account of which plaintiff seeks to recover. That debt by reason of express

provision in that statute must be deemed paid, and no error was committed by the court in entering judgment to that effect. Furthermore, in respect to such violations as the bank's failure to duly serve notice of the proposed sale upon defendant, as a mortgagor, as required by sec. 241.13 (1), Stats., and also its failure to duly serve upon defendant, as a mortgagor, notice of the bank's intention to take such property, as required by sec. 241.13 (2) (c), Stats., it is provided in sub. (3) of sec. 241.13, Stats., that—

"Any person aggrieved by a violation of any provision of this section may recover of the person who violated same, in addition to his actual damages, twenty-five dollars as liquidated damages."

The bank's failures and violations, in each of those respects, may well be deemed to have deprived defendant of the opportunity of exercising the privilege vested in her by sub. (3) of sec. 241.13, Stats., as a mortgagor and the wife of a mortgagor, of redeeming "at any time after sale, within five days, . . . the property sold at the chattel mortgage sale at the actual amount at which same was sold, plus any expense necessary for the keeping of said property subsequent to the sale." Consequently, although she did not prove that she sustained any actual damages by reason of those violations, she can rightly be considered a "person aggrieved thereby," and no error was committed by the court in awarding her a recovery, on account of those violations, of twenty-five dollars, as the liquidated damages, specified in the statute, even though she proved no actual damages, which under the statute she would have been entitled to recover, in addition to the specified liquidated amount.

On the other hand, the bank in its reply admitted that no affidavit was filed by it pursuant to sec. 241.15, Stats. Subs. (1) and (2) of that section require that—

"(1) Whenever any property covered by a chattel mortgage . . . shall be taken and sold under and by virtue of

such mortgage pursuant to the power of sale contained therein, the owner of such mortgage, or the person acting as the agent of such owner and conducting such sale, shall, within ten days after the sale of any property covered by such mortgage, make and file . . . an affidavit setting forth the date of such sale, a description of the property sold, the sum then claimed to be due on the indebtedness secured by such mortgage, the amount realized on such sale, a statement in detail of the expenses of such sale including the cost of taking and keeping the property pending the sale. A copy of the notice of sale if any shall be attached to said affidavit and be deemed a part thereof."

"(2) Such affidavit shall be filed in the office of the register of deeds of the county where the mortgage under which such sale is had was filed, or, if such mortgage be not so filed, then in the office of the register of deeds of the county where such sale was held."

In that connection, sub. (3) of sec. 241.15, Stats., provides:

"(3) Any person violating the provisions of this section shall be liable to the person personally liable for the indebtedness, in which case such person shall be entitled to recover in addition to his actual damages the sum of twenty-five dollars liquidated damages. In case of the failure of the owner of any such mortgage, or his agent conducting such sale, to comply with the provisions of this section within the time herein limited, the debt secured by such mortgage shall be deemed fully satisfied and the mortgage canceled."

As defendant is "a person personally liable for the indebtedness," she is, by virtue of the provision in that sub. (3), entitled to recover from the bank, as a "person violating the provisions" of sec. 241.15, Stats., the sum of twenty-five dollars liquidated damages, in addition to her actual damages; and, furthermore, there is applicable the provision embodied in that subdivision, that "the debt secured by the mortgage shall be deemed fully satisfied." Again, although she did not prove that she sustained any

actual damage as the result of the bank's violation of sec. 241.15, Stats., she is clearly within the class of persons intended to be protected and benefited by its provisions. Therefore, it was not error for the court to hold that by reason of that violation, the mortgage debt was also deemed fully satisfied, and that she was entitled to also recover twenty-five dollars liquidated damages, in addition to any actual damages sustained by her.

*By the Court.*—Judgment affirmed.